UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. CHIRCO and
DOMINIC MOCERI,
    Plaintiffs,

v.

CROSSWINDS COMMUNITIES, INC.,
and BERNARD GLIEBERMAN,

    Defendants.

**03-74600**

Case No.

Hon. ANNA DIGGS TAYLOR

MAGISTRATE JUDGE KOMIVES

---

Stephen Wasinger (P25963)
Attorney for Plaintiffs
26862 Woodward
Suite 100
Royal Oak, Michigan 48067
Phone: (248) 414-9942 or (248) 414-9900

Julie Greenberg
Co-Counsel For Plaintiffs
280 N. Woodward
Suite 400
Birmingham, MI 48009
Phone: (248) 647-6000

---

## COMPLAINT AND JURY DEMAND

Plaintiffs Michael A. Chirco and Dominic Moceri, by their attorneys, say:

### NATURE OF THIS ACTION

1.     This is an action under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, to prevent and restrain Defendants from infringing Plaintiffs' copyrights and for monetary relief pursuant to the Copyright Act as a result of Defendants' infringing activities.

### JURISDICTION AND VENUE

2.     This court has jurisdiction pursuant to 17 U.S.C. § 501(b), 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a) because the Defendants reside in this district, because the acts giving rise to this case occurred in this district, and because the property which is the subject of this action is situated in this district.

## PARTIES AND JURISDICTION

4. Plaintiff Chirco is a resident of Washington, Macomb County, Michigan.

5. Plaintiff Moceri is a resident of Grand Blanc, Genesee County, Michigan.

6. Defendant Crosswinds Communities Inc. ("Crosswinds") is a Michigan corporation with its principal place of business in Oakland County, Michigan.

7. Defendant Bernard Glieberman is a resident of Oakland County, Michigan. Glieberman is also an officer and principal shareholder of Crosswinds and its affiliated companies, and, on information and belief, he has directed Crosswinds and its affiliated companies to engage in the actions which are the subject of this complaint.

## COMMON FACTUAL ALLEGATIONS

8. Plaintiffs are in the business of developing real estate, including condominiums, apartments and single family homes in the Detroit metropolitan area. Plaintiffs pursue the development, leasing and sale of the condominiums units in commerce, and their actions affect interstate commerce. By way of example, Plaintiffs advertise these homes, apartments and condominiums in newspapers which are distributed interstate, on television which is transmitted interstate, and through the World Wide Web on the Internet at www.moceri.com, Aberdeen.village.com and aberdeengarden.com.

9. Plaintiffs have developed, and are developing, successful original and architecturally unique condominium projects in Oakland County, and Macomb County, Michigan, including, without limitation, Aberdeen Gardens in Sterling Heights, Michigan; Glenmoor Village in Macomb Township, Michigan; Warwick Village in Macomb Township, Michigan; Terraces at Cobblestone in Macomb Township, Michigan; Aberdeen at Hartford in Macomb Township, Michigan; Aberdeen Pines in Sterling Heights, Michigan; Stratford Village in Sterling Heights, Michigan; Aberdeen Village in Shelby Township, Michigan; Oakmonte in Oakland Township, Michigan; and Oakmonte in Oakland Township, Michigan. These projects are collectively referred to herein as the "Aberdeen Projects."

10. As part of their efforts to develop original and architecturally unique condominiums projects, Plaintiffs worked with Ronald E. Mayotte & Associates ("Mayotte") to create architectural plans and architectural works, and they have constructed buildings in accordance with these architectural plans which incorporate the architectural works.

11. Included among these architectural plans and works are the protected plans and works embodied in the Aberdeen Village condominiums project which is located in Sterling Heights, Macomb County, Michigan. The architectural plans for Aberdeen Village are referred to as the "Aberdeen Plans." The architectural works for Aberdeen Village are referred to as the "Aberdeen Works."

12. The Aberdeen Plans and the Aberdeen Works are derived from copyrighted architectural plans for an apartment project in Macomb County commonly known as Manors at Knollwood (the "Knollwood Plans").

13. The Knollwood Plans, the Aberdeen Plans, and the Aberdeen Works are all the subject of valid, registered copyrights, and are collectively referred to herein as the "Copyrighted Materials." Copies of the Certificates of Registration are attached hereto as Exhibit A.

14. Plaintiffs are the owners of all exclusive rights to the Copyrighted Materials pursuant to an exclusive license agreement with Mayotte.

15. Crosswinds is in the process of developing a condominium community in Howell Township, Livingston County, Michigan, commonly known as Jonathan's Landing ("Jonathan's Landing").

16. Crosswinds, through its affiliates (including Creative Land Design, Inc.), has filed plans and drawings describing the Jonathan's Landing project (the "Jonathan's Landing Plans") with Howell Township, and Crosswinds is currently constructing condominiums based on the Jonathan's Landing Plans.

17. The Jonathan's Landing Plans are substantially similar to plans which Crosswinds and Glieberman used to develop, market and sell condominiums located in Waterford Township, Oakland County, Michigan commonly known as the "Heritage Condominiums" (the "Heritage Development"). In an action presently pending in this district, No. 01-71403, plaintiffs are pursuing an action against Glieberman and entities controlled by Glieberman asserting that the plans for the Heritage condominiums infringe plaintiffs' Knollwood and Aberdeen copyrights.

18. As with the Heritage condominiums, the Jonathan's Landing condominiums are substantially similar to, and copy, the Knollwood Plans, the Aberdeen Plans and the Aberdeen Works.

19. If Defendants are not enjoined from continuing construction of the Heritage Development, Defendants will be allowed to unfairly compete with Plaintiffs.

20. If not enjoined, Defendants' activities, including their illegal use of the Copyrighted Materials, will cause Plaintiffs irreparable injury by, among other things, diminishing the goodwill which Plaintiffs have created by developing housing projects such as Aberdeen Gardens based on the Plans and by depriving

Plaintiffs of sales and sales opportunities for housing and condominia units based on the Plans and Copyrighted Materials, and in general causing Plaintiffs to lose exclusive control of their Copyrighted Materials.

## COUNT I:
## Copyright Infringement

21. Plaintiffs reallege Paragraphs 1 through 20 above.

22. Defendants Crosswinds and Glieberman infringed Plaintiffs' copyright in their Copyrighted Materials by copying the Copyrighted Materials.

23. Unless enjoined by this Court, the infringing actions of Crosswinds and Glieberman will cause irreparable injury to Plaintiffs' business and to the goodwill Plaintiffs have established as a result of their construction of the various Aberdeen residential communities.

24. Plaintiffs are also entitled to recover monetary relief from Crosswinds and Glieberman, pursuant to Section 504 of the Copyright Act, 17 U.S.C. § 504(b), including all revenues which Crosswinds and Glieberman have received as a result of its infringing activities.

25. Pursuant to 17 U.S.C. § 505, Plaintiffs are also entitled to their reasonable costs and attorneys' fees.

## COUNT II:
## Vicarious Liability

26. Plaintiffs reallege Paragraphs 1 through 25 above.

27. Defendant Glieberman is vicariously liable for the infringing acts of Crosswinds and other entities affiliated with Crosswinds who were also involved in the development of Jonathan's Landing and who, as a result, infringed Plaintiffs' copyrights. On information and belief, these other entities include Creative Land Design, Inc.

28. As a result, Glieberman is personally liable for copyright infringement.

## COUNT III:
## Contributory Liability

29. Plaintiffs reallege Paragraphs 1 through 28 above.

30. Defendant Glieberman is contributorily liable for the infringing acts of Crosswinds.

31. As a result, Glieberman is personally liable for copyright infringement.

WHEREFORE, Plaintiffs pray that this Court:

A. Enjoin, permanently and during the pendency of this action, Defendants and all persons associated with, or acting on behalf of, Defendants from engaging in any further acts of infringement including promoting, building, or continuing to build, selling or attempting to sell, leasing or attempting to lease, any condominiums, apartments or other housing units based on the Plans,

B. Order Defendants to return to Plaintiffs for impoundment and destruction all copies of the Plans or other Copyrighted Materials in Defendants' possession, custody or control or within the possession, custody or control of any persons associated with or acting on behalf of Defendants.

C. Order Defendants to destroy or have destroyed all architectural works which have been built using plans which infringe the Copyrighted Materials.

D. Order Defendants to account for all gains, profits, and advantages derived from its acts of infringement.

E. Enter a money judgment in favor of Plaintiffs for all damages to which they are entitled pursuant to Section 504 of the Copyright Act, 15 U.S.C. § 504.

F. Award Plaintiffs interest, costs and attorneys' fees pursuant to Section 505 of the Copyright Act, 15 U.S.C. § 505.

G. Grant any other relief which the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on issues so triable.

WASINGER KICKHAM AND HANLEY

By: _____
Stephen Wasinger (P-25963)
100 Beacon Centre
26862 Woodward Avenue
Royal Oak, Michigan 48067
(248) 414-9900

GIFFORD, KRASS, GROH SPRINKLE,
ANDERSON & CITKOWSKI
 Douglas Sprinkle
 Julie Greenberg
280 N. Woodward, Suite 400
Birmingham, MI 48009-5392
(248) 647-6000

Co-counsel For Plaintiffs

Dated: November 14, 2003
WK049371

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED