UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL A. CHIRCO and
DOMINIC MOCERI,

           Plaintiffs,                CIVIL ACTION NO. 03 CV 74600 DT

    v.                          DISTRICT JUDGE DENISE PAGE HOOD

CROSSWINDS COMMUNITIES, INC.,    MAGISTRATE JUDGE VIRGINIA M. MORGAN
and BERNARD GLIEBERMAN

           Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on a timely post-judgment motion for costs and attorney fees incurred by the defendants in this copyright dispute. Plaintiffs sued defendant Glieberman and his company Crosswinds Communities, Inc., for building condominiums which violated their architectural copyright. These are two separate cases involving Mr. Glieberman and his separate real estate developments: *Charter Oaks* in Case No. 01-71403 and Jonathan's Landing in this case ( No. 03-74600). The cases were consolidated for all purposes, and defendants filed a motions for summary judgment in each case. In the instant case, *Crosswinds Communities*, the court granted defendants' Motion for Summary Judgment on the grounds that plaintiffs were barred by the doctrine of laches and dismissed the complaint with prejudice. In the *Charter Oak* case, the court denied Summary Judgment and that case (01-71403) is awaiting trial. The Defendants now seek attorney fees for the instant Case No. 03-74600 on the grounds that they

- 1 -

were successful on their Motion for Summary Judgment and are a "prevailing party" pursuant to Fed.R.Civ.P. 54 and 17 U.S.C. § 505.  The plaintiffs object to the amount of fees, contending that confusion exists over whether the fees were billed for work performed on the *Crosswind Communities* case (03-74600) or the consolidated case, *Charter Oaks* (01-71403), in which the defendants are not prevailing parties.  Plaintiffs submit that an evidentiary hearing is required to sort out the accurate amount attributable to each case.  Further, they request that the issue of fees be delayed until after trial in the other case and/or the Sixth Circuit reviews both cases and determines if there was in fact a copyright violation in *Charter Oaks*.  For the reasons discussed in this Report, it is recommended that attorneys fees be awarded in the amount of $59,121.26.

## Procedural Background

In the summary judgment motion, defendants raised several grounds. On April 31, 2005, the district court denied the motion with respect to *Charter Oaks* (01-71403) and granted this motion as to *Crosswinds Communities* (03-74600).  The only basis for summary judgment was the defense of laches.  Judge Hood held that plaintiffs failed to show why they did not pursue the copyright claim as to Jonathan's Landing before May 9, 2002.  The court found that because plaintiffs filed the *Charter Oaks* case in 2001, they were aware of the possible infringement with respect to Jonathan's Landing.  However, plaintiffs did not then bring any lawsuit.  The court found that this delay prejudiced defendants because they continued construction after the court's decision.  Applying the doctrine of laches, the court granted summary judgment to Crosswinds and Mr. Glieberman in this action.  Mr. Glieberman remains a defendant in the other case. (March 31 Opinion at 18)  Defendants filed this Motion for Attorney Fees and Associated Expenses, and subsequently filed a supplement to the motion.   See Fed. R. Civ. P. 54 (d) (2).

- 2 -

Plaintiffs filed a response to the defendants motion as well as objections to the fees and expenses contained within the motion and its supplement.

### Fees Under Copyright Statutes

The first issue in determining fees is to determine whether the requestor is a prevailing party. Here, it is defendant who claims to be such a party. In *Christiansburg Garment v. EEOC*, 434 U.S. 412 (1978), the Supreme Court held that the Title VII fee-shifting statute authorizes an award to prevailing defendants. In *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2 (1983), this holding was generalized to include defendants in all fee-shifting statutes which speak to an award to a prevailing party. Defendant Crosswinds and Gleiberman were successful on the motion as to Jonathan's Landing development and therefore qualify in every meaningful and dispositive way in regard to this No. 03-74600 action as a prevailing party under § 505. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522 (1994). See also, *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

Title 17 U.S.C. § 505 permits a court in copyright cases to award fees in its discretion to prevailing parties. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522 (1994); *Winfield Collection Ltd. v. Germany Indust. Corp.*, 311 F. Supp. 521, 523 (E.D. Mich. 1994)*; Jackson v. Axton*, 25 F.3d 884 (9th Cir. 1994). The court in *Jackson* held that in determining whether to grant attorney fees under the Copyright Act a court should exercise equitable discretion in light of the degree of success obtained, frivolousness, motivation, objective reasonableness of both factual and legal arguments, and the need in particular circumstances to advance considerations of compensation and deterrence. In *Design v. K-Mart Apparel Corp.*, 13 F.3d 559 (2nd Cir. 2004), the court held that the award of attorney fees to prevailing plaintiffs in copyright infringement action remains

discretionary with the court.  See also *Nash v. CBS, Inc.*, 750 F. Supp. 328 (N.D. Ill, 1990).  But generally an award should be given absent "special circumstances" which make it unjust. *Blanchard v. Bergeron*, 489 U.S. 87, 89 (1989).  In civil rights cases, plaintiffs who prevail on a constitutional or non-constitutional statutory claim are entitled to attorney fees.  *Christianberg Garment v. EEOC*, 434 U.S. 412 (1978).  However, prevailing civil rights defendants are entitled to an award only if plaintiff's action was "frivolous, malicious, or without foundation." *Christianberg*, 434 U.S. at 421.  The Supreme Court in *Fogerty* distinguished fee awards in copyright actions from those in civil rights cases by removing the differential approach between plaintiffs and defendants and treating prevailing defendants and plaintiffs alike.  510 U.S. at 534.

Plaintiffs argue that defendants entitlement to fees must wait for the *Charter Oaks* case to be completed.  However, in this circuit, an order determining liability for fees but not establishing the amount is not a final appealable order.  *Morgan v. Union Metal*, 757 F.2d 792, 794 (6th Cir. 1985).  As a result, both a determination of liability for fees and the amount is an efficient method which serves to consolidate all issues on appeal.  Thus, defendants should be held entitled to an award of fees now and calculation of the fee performed in a manner consistent with *Hensley v. Eckerhart,* 461 U.S. 424 (1983).

Calculating a fee award under *Hensley* is not based on a  precise rule or formula for making the fee determination.  *Hensley* directs that a fee award should be calculated using the lodestar formula of a reasonable rate times a reasonable number of hours.  While *Hensley* dealt with civil rights actions, the lodestar principle is also applicable to copyrights under § 505.  See, *Fogerty*, 510 U.S. 517, 534 (1994).  Here, however, defendant have requested monetary sums in addition to the lodestar.

- 4 -

1. <u>Expert Fees</u>

Plaintiffs seek $37,246.89 in expert fees.  In *West Virginia Hospital Inc. v. Casey*, 499

U.S. 83 (1991), the Court held that a fee shifting statute does not authorize compensation for

experts fees unless it expressly says that it does.  Here, there is nothing in the statute or any court

order that would permit an award of fees.  Similarly the lower courts have upheld denial of

expert fees.  See *Artisan Contractors Assoc. of America Inc. v. Frontier Insurance Co.,* 275 F.3d

1038 (11th Cir. 2001); *Winfield Collection Ltd. v. Germany Indust. Corp.*, 311 F. Supp. 521, 523

(E.D. Mich. 1994).  The defendants have failed to cite any authority to support the award of such

expert fees and thus, the $37,246.89 for expert fees should be denied.

2. <u>Taxable Costs</u>

Defendants seek $4,282.43 in taxable costs pursuant to Fed.R.Civ.P. Rule 54.  However,

defendants have not submitted any Taxable Bill of Costs to the clerk.  They would be entitled

only to Rule 54(d) costs consistent with the Eastern District of Michigan Handbook.  Their

request fails to comply with the strictures of Rule 54 as they have not set forth the statute, rule or

other ground that permits the requested award.  In addition, the claimed expenses go

substantially beyond the normal "costs" of Rule 54 or § 505.  Because they have not submitted a

taxable bill of costs and in no way have attempted to meet the standards for Rule 54(d) with

respect to costs, costs are denied.

3. <u>Attorney Fee Calculation</u>

The defendants seek a total attorney fee in the amount of $97,159 for the work of two

firms.  In the brief, the sum of  $15,039 is requested for work done by Harness, Dickey and

Pierce and $82,120 is requested for Warn, Hoffmann, Miller and LaLone.  The court in

*Princeton University Press v. Michigan Document Services, Inc.* 869 F. Supp. 521 (E.D. Mich. 1994) held that in determining reasonable fees, the Sixth Circuit Court of Appeals has instructed the district courts to determine the time and labor required, the novelty and difficulty of the litigation, and the experience, reputation and the ability of the attorney's. *Id* at 523. The court has conducted a careful review of the invoices submitted in support of the fees and makes the following findings:

### Harness Dickey & Pierce

The fees for Harness, Dickey and Pierce portion of the request are for the work of attorney Bernard Cantor and paralegal Dee Tenniswood. Mr. Cantor charged $300/hour for his services and Ms. Tenniswood charged $135/hour. The court finds that Mr. Cantor's rate is reasonable and since no objection was filed to the rate for Ms. Tenniswood, adopts that rate as reasonable without analysis. The court conducted a careful review of the invoices submitted in support of the award. It appears that the amount of the invoices exceeds the amount requested by the firm. ($14,200 v. $15,148.75) The court has worked from the invoices.

These show that Mr. Cantor conducted an overview of the initial litigation in November and December, 2003. This invoice totals $6,517.50 and reflects a reasonable number of hours for the work done. In January, 2004, work done includes 2.75 hours by Mr. Cantor for review of internet information, questions for depositions, and outline of potential motions in limine. The court determines that 2 hours ($600) are reasonable for the claims on which defendant ultimately prevailed in this case. Work done by Ms. Tenniswood include 3.5 hours for updating indexes, dockets, and obtaining copies of summary judgments in related cases. This is reasonable and

- 6 -

necessary in order to understand the file and conduct the litigation.  The court awards 3.5 hours at $135.00 ($472.50).  In February, 2004, a workbook was prepared by Ms. Tenniswood for all Merz testimony for use by Mr. Cantor.  This is work appropriate to both cases and half the amount ($101.50) is deemed reasonable for an award of fees in this case.  The work in March was essentially applicable to both cases and half the amount ($1398.13) is deemed reasonable. In April, 2004, the invoice reflects $33.75 for transferring the case to Judge Hood.  This is reasonable.   In May, the work on May 17 and 21 bear directly  on Jonathan's Landing and 9 hours for Mr. Cantor ($2700) is awarded.  The work on May 24 (1.25 hrs by Mr. Cantor) is applicable to both cases and half the requested amount is awarded ($187.50).  In June, 2004, all services are deemed reasonable and applicable to this case, and so the full amount of $476.25 is awarded.  Professional services attributable to the defense of laches is first reflected in the July, 2004 invoice; however, it appears much earlier (January, 2004) in co-counsel's invoices.  That totals $750.00 and is awarded.  (Ex. B to Crosswinds Motion)

Thus, the total award to Harness Dickey is calculated as follows:

| | | |
|---|---|---|
| November/December 2003: | | $6517.50 |
| January, 2004: | $600 + $472.50 = | $1072.50 |
| February, 2004: | | $101.50 |
| March, 2004: | | $1398.13 |
| April, 2004: | | $33.75 |
| May, 2004: | $2700 + $187.50= | $2887.50 |
| June, 2004: | | $476.25 |
| July, 2004: | | $750.00 |
| | Total: | $13237.13 |

**Warn, Hoffman, Miller and Lalone (formerly Warn, Burgess and Hoffmann)**

Warn, Hoffman, Miller and Lalone seek a fee award of $82,120.  Plaintiffs object to the amount.  The court has reviewed Warn, Hoffman, Miller and Lalone's invoices and explanations to determine what time was reasonably spent on his *Crosswinds Communities* defense and what was not.  The requested rates are reasonable: $300.00 per hour for Mr. Lalone, $150.00 per hour for an associate, and $85.00 per hour for a paralegal.  The plaintiffs do not object to these hourly rates.

For each date, the invoice was examined to see if it was possible to determine if the work description was distinguishable for each case.  If the work was not distinguishable then it was either excluded or reduced by half, or a reasonable amount, depending on the specifics of that day's invoice.[1]  The court has determined that Warn, Hoffman, Miller and Lalone expended 181.6 hours on the *Crosswind Communities* defense or the equivalent of $44,871.63.

---

[1]The defendants' counsel produced evidence from the American Intellectual Property Law Association showing that his fee is well under the median cost of $200,000 for a similar case through discovery in Michigan.  The court does not find such document persuasive.  Each case is different and while a fee request substantially above that amount may lack good faith, a fee request below that amount is not automatically reasonable.  Counsel here did work for two cases, on only one of which he can be said to be the prevailing party.  He has not always separated the work on his invoices, as to whether his work was for *Charter Oaks* or *Crosswinds Communities*.  For example, on January 24, 2004,  defendants' counsel bills for a lengthy meeting with Progressive's counsel to discuss their position and documents on independent creation, Progressive is not a party to the instant case.  To illustrate further, on January 30, 2004, defendants' counsel dictated notes on development of Leon Kohl's 8-plex, and reviewed Daniel Tosch's deposition transcript.  It is not clear how this specifically relates to the *Crosswind Communities* case, and not the *Charter Oaks* case, if at all.  See additional discussion, *infra*.

- 8 -

The chart below is a breakdown of the reasonable hours worked on the *Crosswinds Communities* case by Warn, Hoffman, Miller and Lalone.[2]  If a date is omitted from the table, the work performed on that day has been determined to be unreasonable and/or not clearly related to this case.

| DATE | HOURS | REQUESTED HOURS | DESCRIPTION | WORKED BY |
|------|-------|-----------------|-------------|-----------|
| 11/20/2003 | 1.5 | 1.5 | Review complaint | Lalone (DPL) |
| 11/21/2003 | 2.5 | 2.5 | Complaint/answer | DPL |
| 11/24/2003 | 2.0 | 2.0 | Discovery/conference | DPL |
| 12/01/2003 | .75 | .75 | Answer | DPL |
| 12/04/2003 | 5.75 | 5.75 | Time line of events | DPL |
| 12/05/2003 | 1.25 | 1.25 | Conference with Judge Hood | DPL |
| 12/08/2003 | 1.75 | 1.75 | Answer/ conference | DPL |
| 12/09/2003 | 1.25 | 1.25 | Finalize answer | DPL |
| 12/10/2003 | 2.25 | 2.25 | Study charts | DPL |
| 12/15/2003 | .75 | .75 | Review judge's order/ letter | DPL |
| 12/16/2003 | .5 | .5 | Elias conference | DPL |
| 12/18/2003 | 2.5 | 2.5 | Conferences | DPL |
| 12/19/2003 | .75 | .75 | Correspondence | DPL |
| 12/23/2003 | .25 | .25 | Finalize letter | DPL |
| 12/24/2003 | 1.25 | 1.25 | Review schedules | DPL |
| 1/05/2004 | 4.5 | 4.5 | Time line/plan differences | DPL |
| 1/06/2004 | 2.5 | 2.5 | Worked on issues list | DPL |

[2]It is unclear whether Defendants are requesting fees for any 2005 hours because they are not part of their record.

| 1/12/2004 | 1 | 1 | Review plaintiffs answer | DPL |
|---|---|---|---|---|
| 1/14/2004 | .75 | .75 | Laches conference | DPL |
| 1/ 20/ 2004 | 3.75 | 3.75 | Researching laches | assistant |
| 1/ 21/ 2004 | 3 | 3 | Review case law | assistant |
| 1/ 22/ 2004 | 2.75 | 2.75 | Strategy for going forward | DPL |
| 1/ 22/ 2004 | .5 | .5 | Review memo | assistant |
| 1/ 23/ 2004 | .75 | .75 | Evidence for laches | DPL |
| 1/ 26/ 2004 | .75 | .75 | Plaintiff dates | DPL |
| 2/ 25/ 2004 | 1.5 | 1.5 | Discovery | DPL |
| 3/01/2004 | 1 | 1 | Review interrogatory | DPL |
| 3/05/2004 | 1.75 | 1.75 | Review expert report | DPL |
| 3/08/2004 | 2.25 | 2.25 | Testimony review | DPL |
| 3/12/2004 | 1.375 | 2.75 | Slide show | DPL |
| 3/18/2004 | 2.125 | 4.25 | Marking documents | paralegal |
| 3/23/2004 | 8.75 | 8.75 | Deposition | DPL |
| 3/29/2004 | 9 | 9 | Review deposition/ case law | assistant |
| 3/29/2004 | 11.5 | 11.5 | Motion for summary judgment | DPL |
| 3/30/2004 | 10.75 | 10.75 | Summary Judgment | DPL |
| 3/30/2004 | 8.5 | 8.5 | Drafting motion | assistant |
| 3/31/2004 | 8.5 | 8.5 | Summary Judgment | assistant |
| 4/01/2004 | 4.5 | 9 | Summary Judgment | assistant |
| 5/04/2004 | 4.75 | 4.75 | Brief | DPL |
| 5/05/2004 | 1 | 1 | Review pleading | DPL |
| 5/10/2004 | 4 | 8.75 | Jury instructions | DPL |
| 5/12/2004 | 1.375 | 2.75 | Brief research | DPL |

| 5/14/2004 | 1 | 1 | Review opposing counsel work | DPL |
| 5/18/2004 | 2.25 | 2.25 | Rule 6 motion ext.time | DPL |
| 5/19/2004 | 2 | 2 | Review plaintiffs brief | assistant |
| 5/20/2004 | 4.25 | 4.25 | Can laches be asserted review | assistant |
| 5/21/2004 | 4.75 | 4.75 | Reply brief | assistant |
| 5/23/2004 | 5.25 | 5.25 | Reply brief | assistant |
| 5/24/ 2004 | 3.75 | 3.75 | Review the draft brief | assistant |
| 5/25/2004 | 2 | 2 | Review laches reply brief | DPL |
| 5/25/2004 | 1.75 | 1.75 | Telephone conference | paralegal |
| 5/26/2004 | 5 | 5 | Review draft of reply | DPL |
| 5/27/2004 | 1 | 1 | Revising reply brief | DPL |
| 5/28/2004 | 4 | 4 | Continue revising brief | DPL |
| 5/29/2004 | 2 | 2 | Additional draft of brief | DPL |
| 6/01/2004 | 4 | 4 | Prepare reply briefs | assistant |
| 6/25/2004 | .25 | .25 | Preparing letter | DPL |
| 6/28/2004 | 1 | 1 | Review J. Landing plan | DPL |
| 6/30/2004 | 3.75 | 3.75 | Conference | DPL |
| 7/07/2004 | 3.75 | 3.75 | Review J. Landings drawings | DPL |
| 7/08/2004 | .1 | .1 | Scheduling | paralegal |
| 7/12/2004 | .25 | .25 | Updating docket | paralegal |
| 7/17/2004 | .5 | .5 | Prepare for summary judgment | DPL |
| 7/20/2004 | 1.75 | 1.75 | Review interrogatory | DPL |
| 7/21/2004 | .5 | .5 | Review laches timeline | assistant |
| 7/22/2004 | 1 | 1 | Preparing oral argument | DPL |

| 11/04/2004 | .5 | .5 | Conference on motion | DPL |
|---|---|---|---|---|
| 12/10/2004 | 1.25 | 1.25 | Status of case conference | DPL |
| 12/15/2004 | 1.50 | 1.5 | Arguing crosswinds motion | DPL |
| 12/21/2004 | .25 | .25 | Research new case law ED Mich | assistant |
| **Mr. Lalone** | **120.5 Hours** | | **@$300/hr** | **$36,150.00** |
| **Paralegal** | **4.225 Hours** | | **@$85/hr** | **$     359.13** |
| **Assistant** | **62.5 Hours** | | **@$150/hr** | **$ 9,375.00** |
| **TOTAL** | | | | **$45,884.13** |

Accordingly, it is hereby recommended that Plaintiff's objections are sustained in part and overruled in part.  It is further recommended that, for reasons set forth above, Defendant's motion for attorney fees and costs is granted in part and denied in part.  Pursuant to 17 U.S.C. § 505, defendants are awarded in attorney fees and costs the sum of $59,121.26.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636 (b)(1) and E.D. Mich. LR 72.1 (d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985) ; *Howard v. Secretary of HHS*, 932 F. 2d 505, 508 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F. 2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) .

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection is to be served upon this

magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objection, the

opposing party may file a response.  The response shall be no more than twenty (20) pages in

length unless, by motion or order, the page limit is extended by the court.  The response shall

address each issue contained within the objections specifically and in the same order raised.

Dated: August 19, 2005          s/Virginia M. Morgan
                                HONORABLE VIRGINIA M. MORGAN
                                UNITED STATES MAGISTRATE JUDGE

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record by electronic means or U.S. Mail on August 19, 2005.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Morgan

---

- 13 -