UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. CHIRCO and
DOMINIC MOCERI,

       Plaintiffs,                    Civil Action No. 03-CV-74600-DT

       v.                                HONORABLE JUDGE DENISE PAGE HOOD

CROSSWINDS COMMUNITIES, INC.,
and BERNARD GLIEBERMAN

       Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before this Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation dated August 19, 2005, on a post-judgment motion for costs and attorneys fees filed by Defendants Crosswind Communities, Inc. and Bernard Glieberman (collectively, "Defendants"). On September 1, 2005, Plaintiffs timely filed "Objections to Magistrate Judge Morgan's Report and Recommendation." No Objections were filed by Defendants nor a response filed to Plaintiffs' Objections.

Upon reviewing the Report and Recommendation and considering Plaintiff's Objections, the Court finds that the Magistrate Judge reached the correct conclusion based on proper reasons. This Court finds that the Magistrate Judge properly determined the costs and reasonable fees in accordance with Fed. R. Civ. P. 54 and 17 U.S.C. § 505.

Plaintiffs raise three objections. (Plaintiffs' Obj., pp. 1-2) The first is that the matter is currently before the Sixth Circuit Court of Appeals. The second is that the request for attorney fees

is inappropriate at this time in view of the continuing pendency of the "balance" of the litigation. Finally, Plaintiffs claim that the Magistrate Judge's fee calculation is arbitrary and not supported by evidence.

Addressing the first objection, the Court notes Plaintiffs do not cite any authority to support their request that the motion for attorney fees must be stayed pending Plaintiffs' appeal to the Sixth Circuit Court of Appeals. Rule 54(d) of the Rules of Civil Procedures provide time limitations as to when a motion for attorney fees must be filed. One purpose for the time limitation is to enable appellate review of a dispute over the fees to proceed at the same time as review on the merits of the case. *See* Advisory Committee Notes to Rule 54, 1993 Amendments. Plaintiffs' first objection is without merit.

Plaintiffs' second objection is also without merit. The entire case was dismissed by the Court, therefore, there is no "balance" remaining in the instant litigation. Plaintiffs on the one hand appears to argue that the "balance" of the litigation is the remaining claims in the "principal" case, 01-CV-71403, yet, on the other hand, argues in opposition to Defendants' attorney fees that the case, 01-CV-71403, and that this case should be treated separately when calculating the award. It is noted that the two cases involve different accused-architectural plans or buildings.

Regarding Plaintiffs' final objection, that the Magistrate Judge's award was not properly supported by evidence and that an evidentiary hearing is required, the Court finds that the Magistrate Judge's award was properly supported by the evidence submitted by Defendants to support their request for attorney fees. A district court is not required to hold an evidentiary hearing regarding the reasonableness of an attorney fee request. *Glass v. Sec'y of Health and Human Serv.,* 822 F.2d 19, 22 (6th Cir. 1987). The Sixth Circuit has approved the "arbitrary but essentially fair approach"

of deducting a percentage of the total hours to eliminate duplication of services, an approach preferable to an attempt to "pick out, here and there," hours which may be duplicative. *Northcross v. Board of Education of the Memphis City Schools*, 611 F.2d 624, 636-37 (6th Cir. 1979). A 50% reduction has been approved by the Sixth Circuit for duplicative hours. *See Bridgeport Music, Inc. v. Dimension Films,* 401 F.3d 647 (6th Cir. 2004).

In this case, the Magistrate Judge reviewed the invoices submitted by Defendants. The Magistrate Judge either excluded or reduced by half the hours requested if the hours were duplicative. The Court finds that the Magistrate Judge properly reviewed the invoices submitted by the Defendants and properly excluded or reduced the requested hours the Magistrate Judge found to be duplicative. The initial amount sought in attorney fees by Defendants was $97,159.00. The Magistrate Judge, after review of the invoices, awarded a total amount of $59,121.26. The Court finds that the Magistrate Judge's calculation was proper.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation **(Docket No. 35, filed August 19, 2005)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Attorney Fees and Costs **(Docket No. 22, filed April 14, 2005)** is GRANTED IN PART and DENIED IN PART as more fully set forth in the Magistrate Judge's Report and Recommendation. Defendants are awarded a total of $59,121.26 in attorney fees and costs ($13,237.13 for the services of the Harness Dickey firm and $45,884.13 for the services of the Warn, Hoffman, Miller and Lalone).

                                        s/ DENISE PAGE HOOD
                                        DENISE PAGE HOOD
                                          UNITED STATES DISTRICT JUDGE

DATED: March 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2006, by electronic and/or ordinary mail.

                                        s/William F. Lewis
                                        Case Manager